## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M Innovative Properties Company and 3M Company, ) ) | |
| Plaintiffs, ) ) ) | Civil Action No.: |
| vs. ) ) | Jury Trial Demanded |
| Tredegar Corporation and Tredegar Film Products Corporation, ) ) ) | |
| Defendants. ) ) | |

**3M Innovative Properties Company and 3M Company,**

        Plaintiffs,

        vs.

**Tredegar Corporation and Tredegar Film Products Corporation,**

        Defendants.

Civil Action No.:

Jury Trial Demanded

## COMPLAINT

Plaintiffs 3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY (collectively "3M") for their complaint against Defendants TREDEGAR CORPORATION and TREDEGAR FILM PRODUCTS CORPORATION (collectively "TREDEGAR"), state and allege as follows:

## NATURE OF THE ACTION

1.    This is an action for willful patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and §§ 281-285, amongst others.

2.    Plaintiff 3M INNOVATIVE PROPERTIES COMPANY is the owner, by assignment, of all right, title and interest in United States Patent No. 5,691,034 (the "'034 Patent") entitled "Elastomeric Laminates with Microtextured Skin Layers". A true and correct copy of the '034 Patent is attached as Exhibit A.

3.   Plaintiff 3M INNOVATIVE PROPERTIES COMPANY is the owner, by assignment, of all right, title and interest in United States Patent No. 5,501,679 (the "'679 Patent") entitled "Elastomeric Laminates with Microtextured Skin Layers".  A true and correct copy of the '679 Patent is attached as Exhibit B.

4.   Plaintiff 3M INNOVATIVE PROPERTIES COMPANY is the owner, by assignment, of all right, title and interest in United States Patent No. 5,468,428 (the "'428 Patent") entitled "Spatially Modified Elastic Laminates".  A true and correct copy of the '428 Patent is attached as Exhibit C.

5.   As set forth below, Defendant TREDEGAR has willfully infringed and continues to willfully infringe the '034 Patent, the '679 Patent, and the '428 Patent.

## PARTIES

6.   Plaintiff 3M INNOVATIVE PROPERTIES COMPANY is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota.

7.   Plaintiff 3M COMPANY is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota.  3M COMPANY is a global, diversified manufacturing company. 3M COMPANY develops, manufactures, and sells tens of thousands of innovative products across a wide range of industries.

8.   Upon information and belief, Defendant TREDEGAR CORPORATION is a corporation organized and existing under the laws of the Commonwealth of Virginia,

with its principal place of business located at 1100 Boulders Parkway, Richmond, Virginia 23225.

9.     Upon information and belief, TREDEGAR CORPORATION imports, manufactures, uses, sells, and/or offers to sell infringing elastomeric laminate products (the "Accused Products") throughout the United States, including by incorporation into third-party products that are imported, manufactured, used, sold, and/or offered for sale throughout the United States, including in Minnesota and within this judicial district.

10.     Upon information and belief, Defendant TREDEGAR FILM PRODUCTS CORPORATION is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 1100 Boulders Parkway, Richmond, Virginia 23225.

11.     Upon information and belief, TREDEGAR FILM PRODUCTS CORPORATION imports, manufactures, uses, sells and/or offers to sell infringing elastomeric laminate products, the "Accused Products", throughout the United States, including by incorporation into third-party products that are imported, manufactured, used, sold and/or offered for sale throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     The Court has personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Each Defendant has substantial

contacts with the forum as a result of pervasive business activities conducted within the State of Minnesota and within this judicial district, including, but not limited to the sale and distribution of the Accused Products. Further, each Defendant has committed and continues to commit acts of patent infringement, directly and/or through agents, intermediaries and/or third-parties, by shipping, distributing, importing, offering for sale, and/or selling certain infringing products in Minnesota and within this judicial district. TREDEGAR has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this district, who in turn use the products in an infringing manner in this district. TREDEGAR has induced infringement and/or contributed infringement by its respective customers who use TREDEGAR's respective products in an infringing manner in this district. Further under the Minnesota Long Arm Statute, Minn. Stat. § 543.19, TREDEGAR, upon information and belief, transacts business in Minnesota and this judicial district and has committed acts, or has caused to be committed, acts of patent infringement within and/or outside Minnesota that have caused injury in Minnesota.

## FACTUAL BACKGROUND

14.    3M developed, manufactures, and sells thousands of units of elastomeric laminate products throughout the United States, including in the State of Minnesota and this judicial district.

15.    Since at least 2003, TREDEGAR has continued to import, manufacture, sell and/or offer to sell its infringing Accused Products throughout the United States without license from 3M. Accused Products include, but are not limited to,

TREDEGAR's FabriFlex™ 200, 300 and 500 series laminates. FabriFlex™ is used in side tabs and waistbands of commercially available diapers. Accused Products have been found, for example, on CVS Supreme Diapers sold in 2005 and Roundy's Baby Diapers sold at Rainbow Foods in Woodbury, Minnesota in 2009.

## COUNT I - PATENT INFRINGEMENT
## OF UNITED STATES PATENT NO. 5,691,034

16.    3M restates and realleges each of the assertions set forth in Paragraphs 1 through 15 above.

17.    TREDEGAR, upon information and belief, has imported, made, sold, and/or offered to sell, in this judicial district and elsewhere in the United States, Accused Products that infringe the '034 Patent.

18.    TREDEGAR, upon information and belief, is infringing the '034 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, use, sale, and/or offer for sale of the Accused Products.

19.    The infringement by TREDEGAR of the '034 Patent has injured 3M, and will cause 3M further irreparable injury and damage in the future unless and until TREDEGAR is enjoined from infringing said patent. TREDEGAR is, thus, liable to 3M in an amount that adequately compensates it for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

20.     TREDEGAR, on information and belief, had actual knowledge of the '034 Patent, and has willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT II - PATENT INFRINGEMENT
## OF UNITED STATES PATENT NO. 5,501,679

21.     3M restates and realleges each of the assertions set forth in Paragraphs 1 through 20 above.

22.     TREDEGAR, upon information and belief, has imported, made, sold, and/or offered to sell, in this judicial district and elsewhere in the United States, the Accused Products that infringe the '679 Patent.

23.     TREDEGAR, upon information and belief, is infringing the '679 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, use, sale, and/or offer for sale of the Accused Products.

24.     The infringement by TREDEGAR of the '679 Patent has injured 3M, and will cause 3M further irreparable injury and damage in the future unless and until TREDEGAR is enjoined from infringing said patent.  TREDEGAR is, thus, liable to 3M in an amount that adequately compensates it for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

25.    TREDEGAR, upon information and belief, had actual knowledge of the '679 Patent, and has willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT III - PATENT INFRINGEMENT
## OF UNITED STATES PATENT NO. 5,468,428

26.    3M restates and realleges each of the assertions set forth in Paragraphs 1 through 25 above.

27.    TREDEGAR, upon information and belief, has imported, made, sold, and/or offered to sell, in this judicial district and elsewhere in the United States, the Accused Products that infringe the '428 Patent.

28.    TREDEGAR, upon information and belief, is infringing the '428 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, use, sale, and/or offer for sale of the Accused Products.

29.    The infringement by TREDEGAR of the '428 Patent has injured 3M, and will cause 3M further irreparable injury and damage in the future unless and until TREDEGAR is enjoined from infringing said patent. TREDEGAR is, thus, liable to 3M in an amount that adequately compensates it for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

30.     TREDEGAR, upon information and belief, had actual knowledge of the '428 Patent, and has willfully, deliberately and intentionally infringed the claims of said patent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court find in their favor and enter judgment against Defendants as follows:

a.     Finding that TREDEGAR, or by others to whose infringement TREDEGAR has contributed and/or by others whose infringement has been induced by TREDEGAR, has infringed one or more claims of the '034 Patent, either literally and/or under the doctrine of equivalents;

b.     Finding that TREDEGAR, or by others to whose infringement TREDEGAR has contributed and/or by others whose infringement has been induced by TREDEGAR, has infringed one or more claims of the '679 Patent, either literally and/or under the doctrine of equivalents;

c.     Finding that TREDEGAR, or by others to whose infringement TREDEGAR has contributed and/or by others whose infringement has been induced by TREDEGAR, has infringed one or more claims of the '428 Patent, either literally and/or under the doctrine of equivalents;

d.     Enjoining TREDEGAR and its agents, servants, officers, directors, employees, affiliated entities, and all persons in active concert or participation with them, from continued infringement of the '034 Patent;

e.   Enjoining TREDEGAR and its agents, servants, officers, directors, employees, affiliated entities, and all persons acting in active concert or participation with them, from continued infringement of the '679 Patent;

f.   Enjoining TREDEGAR and its agents, servants, officers, directors, employees, affiliated entities, and all persons acting in active concert or participation with them, from continued infringement of the '428 Patent;

g.   Ordering TREDEGAR to account for and pay to 3M the damages to and costs incurred by  3M because of TREDEGARS' infringement of the '034 Patent;

h.   Ordering TREDEGAR to account for and pay to 3M the damages to and costs incurred by 3M because of TREDEGARS' infringement of the '679 Patent;

i.   Ordering TREDEGAR to account for and pay to 3M the damages to and costs incurred by 3M because of TREDEGARS' infringement of the '428 Patent;

j.   Ordering that such damages be trebled for the willful, deliberate and intentional infringement by TREDEGAR as alleged herein in accordance with 35 U.S.C. § 284;

k.   Finding this case to be "exceptional" and awarding 3M its reasonable attorneys' fees herein in accordance with 35 U.S.C. § 285;

l.   Awarding prejudgment and post-judgment interest on all sums awarded;

m.   Awarding 3M its costs as allowed by law; and

- 9 -

n.    Ordering a post-verdict and post-judgment accounting for any infringement of the '034, '679 and '428 patents not otherwise covered by a damages award and the requested injunctive relief.

o.    Granting such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 3M respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

Date:  November 23, 2009

Martin R. Lueck (#155548)
Marta M. Chou (#332112)
2800 LaSalle Plaza
800 LaSalle Ave. S.
Minneapolis, MN 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFFS
3M INNOVATIVE PROPERTIES
COMPANY AND 3M COMPANY

81113451.1