**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **3M Innovative Properties Company and 3M Company**, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 09-cv-03335 ) (DWF/AJB) ) |
| vs. | ) ) |
| **Tredegar Corporation and Tredegar Film Products Corporation,** | ) Amended Complaint and Demand for ) Jury Trial ) ) |
| Defendants. | ) ) ) |

Plaintiffs 3M Innovative Properties Company and 3M Company (hereinafter, collectively "3M"), for their cause of action against Defendants Tredegar Corporation and Tredegar Film Products Corporation (collectively, the "Tredegar Defendants") on personal knowledge of all facts within their possession and on information and belief of all other facts, state and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and §§ 281-285, amongst others.

2. Plaintiff 3M is the owner, by assignment, of all right, title, and interest in United States Patent No. 5,691,034 ("the '034 Patent") entitled "Elastomeric Laminates with Microtextured Skin Layers." A true and correct copy of the '034 Patent is attached hereto as Exhibit A.

3. Plaintiff 3M is the owner, by assignment, of all right, title, and interest in United States Patent No. 5,501,679 ("the '679 Patent") entitled "Elastomeric Laminates with Microtextured Skin Layers." A true and correct copy of the '679 Patent is attached hereto as Exhibit B.

4. Plaintiff 3M is the owner, by assignment, of all right, title, and interest in United States Patent No. 5,468,428 ("the '428 Patent") entitled "Spatially Modified Elastic Laminates." A true and correct copy of the '428 Patent is attached hereto as Exhibit C.

5. Plaintiff 3M is the owner, by assignment, of all right, title, and interest in United States Patent No. 5,344,691 ("the '691 Patent") entitled "Spatially Modified Elastic Laminates." A true and correct copy of the '691 Patent is attached hereto as Exhibit D.

6. As set forth below, the Tredegar Defendants have willfully infringed and continue to willfully infringe the '034 Patent, the '679 Patent, the '428 Patent, and the '691 Patent (collectively, the "patents-at-issue").

## PARTIES

7. Plaintiff 3M Innovative Properties Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota. 3M Innovative Properties Company is a wholly owned subsidiary of 3M Company.

8. Plaintiff 3M Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center,

St. Paul, Minnesota.  3M Company is a global, diversified manufacturing company.  3M Company develops, manufactures, and sells tens of thousands of innovative products across a wide range of industries, including the personal care industry.

9. Defendant Tredegar Corporation is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located at 1100 Boulders Parkway, Richmond, Virginia 23225.

10. Defendant Tredegar Film Products Corporation is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 1100 Boulders Parkway, Richmond, Virginia 23225.

11. Tredegar Corporation and Tredegar Film Products Corporation import, manufacture, use, sell and/or offer to sell infringing elastomeric laminate film products (hereinafter, the "Accused Products") throughout the United States, including by incorporation into third-party personal care products that are imported, manufactured, used, sold and/or offered for sale throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) because Tredegar has committed acts of infringement in and is subject to personal jurisdiction in this judicial district.  Each of the Tredegar Defendants has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Minnesota

and within this judicial district, including, but not limited to the sale and distribution of the Accused Products.  Further, each Tredegar Defendant has committed and continues to commit acts of patent infringement, directly and/or through agents, intermediaries and/or third-parties, by shipping, distributing, importing, offering for sale, and/or selling certain infringing products in Minnesota and within this judicial district.  The Tredegar Defendants have purposefully and voluntarily placed one or more of their infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this district, who in turn use the products in an infringing manner in this district.  The Tredegar Defendants have induced infringement and/or contributed to the infringement by their respective customers who use the Tredegar Defendants' respective products in an infringing manner in this district.  Further under the Minnesota Long Arm Statute, Minn. Stat. § 543.19, the Tredegar Defendants, upon information and belief, transact business in Minnesota and in this judicial district and have committed acts, or have caused to be committed, acts of patent infringement within and/or outside Minnesota that have caused injury in Minnesota.

## FACTUAL BACKGROUND

14.     3M Company owns four issued United States patents relating to microtextured elastomeric laminates and the method for creating said laminates.

15.     3M developed, manufactures, and sells thousands of units of elastomeric laminate products throughout the United States, including in the State of Minnesota and this judicial district.

16. Since at least 2003, The Tredegar Defendants have continued to import, manufacture, sell and/or offer to sell their infringing Accused Products throughout the United States without license from 3M. The Accused Products include, but are not limited to, the Tredegar Defendants' FabriFlex™ 200, 300 and 500 series laminates. FabriFlex™ is used in side tabs and waistbands of commercially available diapers. Accused Products have been found, for example, on CVS Supreme Diapers sold in 2005 and Roundy's Baby Diapers sold at Rainbow Foods in Woodbury, Minnesota in 2009.

## COUNT I - PATENT INFRINGEMENT
## OF UNITED STATES PATENT NO. 5,691,034

17. 3M restates and realleges each of the assertions set forth in Paragraphs 1 through 16 above.

18. The Tredegar Defendants, upon information and belief, have imported, made, sold, and/or offered to sell, in this judicial district and elsewhere in the United States, Accused Products that infringe the '034 Patent.

19. The Tredegar Defendants, upon information and belief, are infringing the '034 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, use, sale, and/or offer for sale of the Accused Products.

20. The infringement by the Tredegar Defendants of the '034 Patent have injured 3M, and will cause 3M further irreparable injury and damage in the future unless and until the Tredegar Defendants are enjoined from infringing said patent. The Tredegar Defendants are, thus, liable to 3M in an amount that adequately compensates it for its

infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

21. The Tredegar Defendants, based upon information and belief, had actual knowledge of the '034 Patent, and have willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT II - PATENT INFRINGEMENT
## OF UNITED STATES PATENT NO. 5,501,679

22. 3M restates and realleges each of the assertions set forth in Paragraphs 1 through 21 above.

23. The Tredegar Defendants, upon information and belief, have imported, made, sold, and/or offered to sell, in this judicial district and elsewhere in the United States, a garment comprising of, in pertinent part, the Accused Products that infringe the '679 Patent.

24. The Tredegar Defendants, upon information and belief, are infringing the '679 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, use, sale, and/or offer for sale of the Accused Products.

25. The infringement by the Tredegar Defendants of the '679 Patent have injured 3M, and will cause 3M further irreparable injury and damage in the future unless and until the Tredegar Defendants are enjoined from infringing said patent. The Tredegar Defendants are, thus, liable to 3M in an amount that adequately compensates it for its

infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

26. The Tredegar Defendants, based upon information and belief, had actual knowledge of the '679 Patent, and have willfully, deliberately and intentionally infringed the claims of said patent.

### COUNT III - PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 5,468,428

27. 3M restates and realleges each of the assertions set forth in Paragraphs 1 through 26 above.

28. The Tredegar Defendants, upon information and belief, have imported, made, sold, and/or offered to sell, in this judicial district and elsewhere in the United States, the Accused Products that infringe the '428 Patent.

29. The Tredegar Defendants, upon information and belief, are infringing the '428 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, use, sale, and/or offer for sale of the Accused Products.

30. The infringement by the Tredegar Defendants of the '428 Patent have injured 3M, and will cause 3M further irreparable injury and damage in the future unless and until the Tredegar Defendants are enjoined from infringing said patent. The Tredegar Defendants are, thus, liable to 3M in an amount that adequately compensates it for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

31. The Tredegar Defendants, based upon information and belief, had actual knowledge of the '428 Patent, and have willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT IV - PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 5,344,691

32. 3M restates and realleges each of the assertions set forth in Paragraphs 1 through 31 above.

33. The Tredegar Defendants, upon information and belief, have imported, made, sold, and/or offered to sell, in this judicial district and elsewhere in the United States, Accused Products that infringe the '691 Patent.

34. The Tredegar Defendants, upon information and belief, are infringing the '691 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, use, sale, and/or offer for sale of the Accused Products.

35. The infringement by the Tredegar Defendants of the '691 Patent have injured 3M, and will cause 3M further irreparable injury and damage in the future unless and until the Tredegar Defendants are enjoined from infringing said patent. The Tredegar Defendants are, thus, liable to 3M in an amount that adequately compensates it for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

36.     The Tredegar Defendants, based on information and belief, had actual knowledge of the '691 Patent, and have willfully, deliberately and intentionally infringed the claims of said patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs 3M Innovative Properties Company and 3M Company respectfully request that the Court find in their favor and enter judgment against the Tredegar Defendants as follows:

a.  Finding that the Tredegar Defendants, or by others to whose infringement the Tredegar Defendants have contributed to and/or by others whose infringement has been induced by the Tredegar Defendants, have infringed one or more claims of the '034, the '679, the '428 and the '691 Patents, either literally and/or under the doctrine of equivalents;

b.  Enjoining the Tredegar Defendants and their agents, servants, officers, directors, employees, affiliated entities, and all persons in active concert or participation with them, from continued infringement of the '034, the '679, the '428 and the '691 Patents;

c.  Ordering the Tredegar Defendants to account for and pay to 3M the damages to and costs incurred by 3M because of the Tredegar Defendants' infringement of the '034, the '679, the '428 and the '691 Patents;

d.  Ordering that such damages be trebled for the willful, deliberate and intentional infringement by the Tredegar Defendants as alleged herein in accordance with 35 U.S.C. § 284;

e. Finding this case to be "exceptional" and awarding 3M its reasonable attorneys' fees herein in accordance with 35 U.S.C. § 285;

f. Awarding prejudgment and post-judgment interest on all sums awarded;

g. Awarding 3M its costs as allowed by law;

h. Ordering a post-verdict and post-judgment accounting for any infringement of the '034, the '679, the '428 and the '691 Patents not otherwise covered by a damages award and the requested injunctive relief; and

i. Granting such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 3M respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

Date: April 9, 2010

s/ Marta M. Chou
Martin R. Lueck (#155548)
Marta M. Chou (#332112)
2800 LaSalle Plaza
800 LaSalle Ave. S.
Minneapolis, MN 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFFS
3M INNOVATIVE PROPERTIES
COMPANY AND 3M COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 9, 2010. Charles Verhoeven, known counsel for Tredegar Corporation and Tredegar Film Products Corporation, will be served by Federal Express and e-mail on this same date.

                              s/ Marta M. Chou

81399278.1